IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jonathan S. Cleveland, | ) | C.A. No.: 6:10-cv-01334-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND OPINION |
| | ) | |
| Accumarine and Transportation, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case comes before the court on the motion of Defendant Accumarine Transportation, LP, to dismiss the complaint of Plaintiff Jonathan S. Cleveland pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction [Doc.7]. The parties fully briefed the issues, and after reviewing the briefs, the court finds that oral argument will not aid in the decisional process. For the reasons that follow, the court grants Defendant's motion to dismiss for lack of jurisdiction.

**I.     Factual and Procedural History**

On or about June 8, 2008, Plaintiff injured his hand while working as a deckhand/seaman aboard Defendant's tug at the TransMontaigne dock on the Lower Mississippi River just above Baton Rouge, Louisiana. He filed this action in the District of South Carolina, invoking the court's subject matter jurisdiction via the General Maritime Law under 28 U.S.C. § 1333 and the Merchant Marine Act of 1920, commonly known as the Jones Act, 46 U.S.C. § 688, *et. seq*. Plaintiff alleges three claims against Defendant: (1) a general maritime law claim for failure to pay maintenance and cure; (2) a general maritime law claim for unseaworthiness; (3) and a Jones Act claim for personal injury damages.

1

Defendant is an Alabama limited partnership with its principal place of business in Mobile, Alabama. Defendant has offices in Houston, Texas, and Mobile, Alabama, but claims it does not maintain any contacts with the State of South Carolina. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), claiming that this court lacks personal jurisdiction over it because it has never done any business within the State of South Carolina, nor had any contacts whatsoever with this state aside from its employee Plaintiff having resided in South Carolina. Plaintiff opposes the motion to dismiss, claiming that the facts involved in his hire and subsequent treatment for his injury subject Defendant to this court's jurisdiction.

## II.     Discussion

### A.     Standard of Review Pursuant to Fed. R. Civ. P. 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure is applicable to motions to dismiss for lack of personal jurisdiction. "When personal jurisdiction is challenged by the defendant, the plaintiff has the burden of showing that jurisdiction exists." *Tetrev v. Pride Int'l, Inc.*, 465 F. Supp. 2d 555, 558 (D.S.C. 2006). When a district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff must prove a prima facie case of personal jurisdiction. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). To determine whether a plaintiff has satisfied this burden, the court may consider both defendant's and plaintiff's "pleadings, affidavits, and other supporting documents presented to the court" and must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in [his] favor," and "assuming [plaintiff's] credibility." *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (unpublished); *Mylan Labs.*, 2 F.3d at 62; *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). This court, however, need not "credit

conclusory allegations or draw farfetched inferences." *Massellli*, 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). Plaintiff must also base his claim for personal jurisdiction "on specific facts set forth in the record." *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992). Personal jurisdiction over an out-of-state defendant may be either general or specific.

    A.    General Jurisdiction

Section 36-2-802 of the South Carolina Code authorizes general jurisdiction over persons who do business or maintain a principal place of business in the forum state. See S.C. Code Ann. § 36-2-802 (2009). As such, general jurisdiction arises from a party's continuous and systematic activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). These activities must be "so substantial and of such a nature as to justify suit against [the defendants] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). General jurisdiction is proper where the defendant has purposefully "availed himself of the privilege of conducting business [in the forum state]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Plaintiff has failed to establish that Defendant has any systematic relationship with South Carolina. In his Complaint, Plaintiff states upon information and belief that Defendant was "doing business in the State of South Carolina" and that "Plaintiff was hired by Defendant [] in South Carolina." Compl. ¶¶ 5, 8. Subsequently, Defendant challenged the existence of personal jurisdiction in South Carolina and asserted that it does not conduct any business in South Carolina. Significantly, Plaintiff does not attempt to contradict Defendant's claim that it does not conduct business in South Carolina. Thus, South Carolina lacks general jurisdiction over Defendant.

B.    Specific Jurisdiction

A court may exercise specific jurisdiction when "the out of state defendant engage[s] in some activity purposely aimed toward the forum state and ... the cause of action arise[s] directly from that activity." *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 331–32 (D.S.C. 1999); *see* S.C. Code Ann. § 36-2-803. Minimal, isolated or unsolicited contacts, however, do not give rise to the required purposeful connection between an out of state defendant and the forum state. *Umbro USA, Inc. v. Goner*, 825 F. Supp. 738, 741 (D.S.C. 1993).

Plaintiff's Complaint alleges no individual conduct, acts, or contacts by the Defendant aimed toward South Carolina aside from the statements that upon information and belief that Defendant was "doing business in the State of South Carolina" and that "Plaintiff was hired by Defendant [] in South Carolina."

A district court may exercise personal jurisdiction "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). The Supreme Court of South Carolina has interpreted South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, to extend to the outer limits of Fourteenth Amendment due process. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).

The Due Process Clause is satisfied for personal jurisdiction purposes if a defendant has "purposefully availed [himself] of the privilege of conducting business [in the forum state]" by

establishing sufficient "minimum contacts" "such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice"." *Burger King v. Rudzewicz*, 471 U.S. 462, 475–76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Int'l Shoe Co. v.*, 326 U.S. at 316.  A defendant has sufficient minimum contacts with a state when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Woodson*, 444 U.S. at 297.  Courts also consider whether the defendant has "purposely directed" his activity at residents of the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

Factors courts have considered to resolve whether a defendant has "purposefully availed" itself of the privilege of conducting business in the forum state include, but are not limited to: (1) whether defendant maintains offices or agents in the forum state, *see McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 221 (1957); (2) whether defendant owns property in the forum state, *see Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 213 (4th Cir. 2002); (3) whether defendant reached into the forum state to solicit or initiate business, *see McGee*, 355 U.S. at 221; *see Burger King*, at 475–76; (4) whether defendant deliberately engaged in significant or long-term business activities in the forum state, *id.*, 471 U.S. at 475–76, 481; (5) whether the parties contractually agreed that the law of the forum state would govern disputes, *see id.*, 471 U.S. at 481–82; (6) whether defendant made in-person contact with the residents in the forum state regarding the business relationship, *see Hirschkop & Grad, P.C. v. Robinson*, 757 F.2d 1499, 1503 (4th Cir. 1985); (7) the nature, quality, and extent of the parties' communications about the business being transacted, *see English & Smith v. Metzger*, 901 F.2d 36, 39 (4th Cir. 1990); and (8) whether the performance of contractual duties was to occur within the forum, *see Peanut Corp. of Am. v.*

5

*Hollywood Brands, Inc.*, 696 F.2d 311, 314 (4th Cir. 1982); *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). "Because a sovereign's jurisdiction remains territorial, to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that 'they amount to a surrogate for presence and thus render the exercise of sovereignty just.' " *Id.* at 277–78 (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997)).

     Plaintiff alleges that he resided in Greer, South Carolina when he received a telephone call from Defendant offering him employment. He states that he accepted the employment offer over the telephone and then went to work for Defendant. After the injury to his hand in Louisiana, Plaintiff alleges that Defendant authorized South Carolina medical care providers to provide medical treatment to him. Plaintiff received medical treatment from Jon L. Sanders, M.D. of The Hand Center in Greenville, South Carolina, and hand physical therapy and an MRI in South Carolina. Plaintiff claims Defendant paid these medical care providers for some of the health care provided to Plaintiff. Plaintiff alleges that Defendant's failure to pay for all of the medical care has caused him to receive collection notices from a collection agency located in Piedmont, South Carolina. Plaintiff alleges that his injured hand became worse and he needs additional medical treatment, including an MRI, which Defendant has refused to authorize even though Defendant's attorney paid for and attended a telephone conference with Dr. Sanders about the medical care Plaintiff needed concerning his hand injury. Defendant sent maintenance checks to Plaintiff in South Carolina from around June 2008 through February 2009. Plaintiff argues that these facts subject Defendant to the jurisdiction of this court.

     Defendant argues the facts of this case do not meet any of the requirements of S.C. Code

Ann. § 36-2-803: 1) Defendant is not transacting any business in the state; 2) Defendant had not contracted to supply services or things in the state; 3) Defendant did not commit a tortious act in whole or in part in the state; 4) Defendant did not cause a tortious injury or death in the state by any act or admission outside of the state, and Defendant does not regularly solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or consumed for services rendered in the state; 5) Defendant did not have any interest in, use or possess any real property in the state; 6) Defendant did not contract to insure any personal property or risk located within the state; 7) Defendant did not enter into any contract to be performed in whole or in part by either party in the state; and 8) Defendant did not produce, manufacture or distribute any goods with the reasonable expectation that those goods were to be used or consumed in the state.

Defendant disputes that Plaintiff's employment originated with a telephone call from his uncle Scott Cleveland to Plaintiff in South Carolina. Defendant claims the conversation about Plaintiff's potential employment began in Mobile, Alabama at his uncle's home during Christmas of 2007. Defendant claims that Plaintiff called his uncle after Plaintiff returned to South Carolina, and his uncle informed him that Plaintiff had to go to Mobile to fill out all the paperwork and discuss his employment with Gordon Snay, the Personnel Manager. In his sur-reply filed without leave of court, Plaintiff argues that the court should disregard Defendant's argument it reaching a decision because the affidavit of Scott Cleveland attached to Defendant's reply is unsigned. Assuming, without deciding that Plaintiff's version of his hiring is true, Defendant's telephone call to Plaintiff in South Carolina is insufficient to constitute minimum contacts with the State of South Carolina.

There is no dispute that Plaintiff sustained his injury on the Lower Mississippi River within the State of Louisiana and was treated at Lane Regional Medical Center in Zachery, Louisiana.

7

Surgery was performed on his right hand on June 8, 2008, by Dr. Brian Kozar. Dr. Kozar referred Plaintiff to follow-up with a local hand surgeon. After Plaintiff returned to his home in South Carolina, he was treated by Dr. Sanders in Greenville, South Carolina.

Defendant's payment of follow-up medical services rendered to Plaintiff does not constitute the type of action made "deliberately" to engage in "significant activities" within a State such that it has "manifestly ... availed" itself of the privilege of conducting business there. Defendant did not choose Plaintiff's physician, Plaintiff did. Defendant's payment to the followup medical provider of Plaintiff's choice was an accommodation to him.

The court finds that all of the activities that were generated within the State of South Carolina were the result of the actions of the Plaintiff and not the Defendant. Plaintiff resides in South Carolina and Plaintiff sought the follow-up treatment of medical providers there; and Plaintiff requested that his maintenance check be sent to his residence. Plaintiff's injury occurred in Louisiana, and Plaintiff's residence in South Carolina dictated the activities that it now argues should subject Defendant to personal jurisdiction there. If such were the law, the only factor for the court to consider would be the state of Plaintiff's residence.

Even assuming minimum contacts exist, the court must still weigh the following factors under the fairness prong: (1) the burden on the nonresident defendant; (2) the adjudicative interest of South Carolina; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the systematic interest of the national judicial system in obtaining the most efficient resolution of the controversy; and, (5) the systemic interest of the states in furthering substantive social policies. *Woodson;* 444 U.S. at 292.

After considering the above factors, the court finds that it is not fair or reasonable to exercise

8

personal jurisdiction over Defendant. To the extent that it is more convenient for Plaintiff to have this dispute in South Carolina because one of his doctors is located in South Carolina, it is more convenient for Defendant and other witnesses to have this dispute adjudicated in Alabama or Louisiana, where they are located, including the primary surgeon who saw Plaintiff immediately after his injury. Defendant has no offices in South Carolina, and none of the witnesses that would testify on behalf of Defendant, including crewmembers, personnel, and other employees of Defendants, reside within the boundaries of the State of South Carolina. Of the seven crewmembers who were on the boat at the time of the incident, only Plaintiff and his brother reside in South Carolina. One crewmember resides in Syracuse, Ohio, and one resides in Foxworth, Mississippi. The remaining three crewmembers reside in and around the Mobile, Alabama area. The personnel manager, operation manager, port engineer, and all the other fact witnesses who would testify reside in and around the Mobile, Alabama area. The potential witnesses in the State of South Carolina are Plaintiff, his brother, his wife and Dr. Sanders, who provided follow-up care and who it does not appear is presently treating Plaintiff because Plaintiff has reached maximum medical recovery. Plaintiff claims "other damage witnesses," but does not identify them by name. Other major fact witnesses include the physicians in Zachery, Louisiana, who performed the actual surgery on Plaintiff and other hospital personnel at that facility.

Plaintiff argues that South Carolina has an adjudicative interest in this dispute because it affects South Carolina health care providers who are owed money for providing treatment to Plaintiff for his injuries. However, it could be argued that another state such as Alabama, where Defendant's business is located, or Louisiana, where the accident occurred, have comparable adjudicative interests in this dispute because it affects their local businesses.

It does not appear that litigating the case will be more efficiently resolved in South Carolina than in another state, such as Alabama or Louisiana. Therefore, litigating the case outside of South Carolina will not negatively impact the interstate judicial system. Similarly, it cannot be said that the efficiency of adjudication between trying the case in South Carolina or trying it in Alabama is very significant. There are no substantial social policies that are in play in this particular case.

### III.    Conclusion

For the foregoing reasons, the court **GRANTS** defendant's motion to dismiss for lack of personal jurisdiction. This case is hereby dismissed in its entirety without prejudice.

**IT IS SO ORDERED**.

s/J. Michelle Childs
United States District Judge

Greenville, South Carolina
March 16, 2011